Submitted on briefs February 16, affirmed March 16, 1926.

# OREGON BOX & MFG. CO. et al. v. JONES LUMBER CO.

(244 Pac. 313.)

**Municipal Corporations.**

1. Courts will treat ordinance within specific powers granted by charter same as they treat act of legislature.

**Municipal Corporations.**

2. In determining validity of ordinance, court will not set its discretion or judgment against that of municipality on matter of policy.

**Municipal Corporations.**

3. Ordinance of Portland for spark-arresters on chimneys and smokestacks *held* enacted under general powers granted by charter, and not by specific grant.

**Municipal Corporations.**

4. In order for general power granted city by charter to be specific, mode of its exercise must be defined.

**Municipal Corporations.**

5. Ordinances exercising regulatory power of city must be definite and certain in expression.

**Municipal Corporations—Ordinance Requiring "Spark-arresters" on Chimneys and Smokestacks Held Void for Uncertainty in Failing to Fix Standard of Mesh of Wire Netting.**

6. Ordinance of Portland, requiring that all chimneys and smokestacks which emit sparks be covered with wire netting of mesh fine enough to arrest passage of sparks, *held* void for uncertainty in failing to fix standard by which to determine compliance with terms by establishing fineness of mesh of spark-arrester.

**Appeal and Error.**

7. Striking invalid ordinance out of complaint on motion, if improper method of attaining object, *held* not prejudicial.

**Negligence.**

8. Violation of valid ordinance, designed to protect against danger of fire from escaping sparks, is negligence *per se*.

**Trial—Circumstantial Evidence Charges, Requiring Plaintiff to Exclude Every Other Theory as to Cause of Fire, and That Proof be to Satisfaction of Jury, Held not Erroneous as Omitting Word "Reasonable," in View of Instructions as Whole.**

9. In action for negligently causing fire, caused by sparks from defendant's chimney, circumstantial evidence charges, requiring

1. See 19 R. C. L. 807.
5. See 19 R. C. L. 810.
8. See 20 R. C. L. 38.

plaintiff's proof to exclude every other theory as to cause of fire, and that proof be to satisfaction of jury, *held* not objectionable because omitting word "reasonable," in view of instructions as whole.

**Negligence—Negligence Causing Fire must be Established by Preponderance of Evidence.**

10.  To establish negligence in causing fire from sparks from chimney of refuse burner, it is not enough for plaintiff to show possibility that fire was so caused, but he must prove it by preponderance of evidence.

**Trial—Instructions will be Considered as Whole, and not by Segregated Parts, in Passing on Objections.**    . .

11.  Where instructions given by court are not divided into sections, they will be considered as whole, and not by segregated parts, in passing on objections to them.

**Evidence.**

12.  Court will take judicial notice that disposition of sawdust and other refuse by burning is general way employed by sawmills.

**Negligence.**

13.  Conducting business in customary, ordinary, and usual manner for locality or place cannot be said to be negligence.

**Negligence—Instruction on Negligence Causing Fire from Operation of Refuse Burner of Sawmill Held Proper.**

14.  In action for negligently causing fire by sparks from chimney of refuse burner of sawmill, instruction applying same rule of negligence to operation of refuse burner of sawmill as to such instrumentalities as locomotives, steamboats, etc., *held* proper.

**Trial.**

15.  Refusal of instructions substantially covered by those given *held* not erroneous.

**Trial.**

16.  Instruction, stating, in substance, that an inference must be founded on fact legally proved, and cannot be based upon another inference, *held* proper, in view of Section 796, Or. L.

---

Appeal and Error, 4 **C. J.**, p. 924, n. 97.
Evidence, 23 **C. J.**, p. 55, n. 23.
Municipal Corporations, 28 **Cyc.**, p. 354, n. 67, p. 368, n. 19, p. 370, n. 21.
Negligence, 29 **Cyc.** p. 436, n. 51, p. 460, n. 59 New, 63, p. 461, n. 67, p. 462, n. 79, p. 463, n. 87.
Spark-arrester, 36 **Cyc.**, p. 517, n. 92 New.
Trial, 38 **Cyc.**, p. 1711, n. 19, p. 1739, n. 76, p. 1778, n. 73, p. 1779, n. 76.

From Multnomah: GEORGE W. STAPLETON, Judge.

In Banc.

This is an appeal from a judgment based on a verdict in favor of the defendant. The plaintiff

Oregon Box & Manufacturing Company sustained a loss by fire on the thirty-first day of May, 1919. The defendant at that time and for a long time prior thereto was operating a sawmill on an adjoining tract of land. From 50 to 75 feet from the buildings of the plaintiff, Oregon Box & Manufacturing Company, the defendant maintained a fire for the purpose of consuming refuse material from its sawmill. The complaint charges the defendant with having so carelessly and negligently maintained said fire as to permit sparks and burning embers to escape from its chimney and set fire to and destroy the buildings and lumber belonging to the plaintiff box company. About the time the case was set for trial the plaintiffs were permitted to amend their complaint by pleading an ordinance of the City of Portland providing building regulations entitled:

"An Ordinance Providing Building Regulations to be known as the Building Code, repealing certain existing building regulations and providing a penalty and declaring an emergency."

The part of the ordinance particularly involved is as follows:

"Topping Out and Spark Arresters. Section 448. All masonry chimneys, flues or smokestacks shall be topped out with brick, terra cotta, concrete, stone, or cast iron properly anchored. The top of the chimney, flue, stack or cupola *which emits sparks* or which is used in connection with shavings or sawdust used as fuel, *shall be covered with heavy wire netting of a mesh fine enough to arrest the passage of sparks.*"

On motion of the defendant the amendment was stricken from the complaint as irrelevant and immaterial. The motion is based upon several grounds and in substance is as follows. First, that it does not appear from the complaint that the refuse

burner and chimney of the defendant was erected after the passage of the ordinance, nor that the defendant used either shavings or sawdust as fuel in said refuse burner. Second, that it is unreasonable in that it undertakes to prohibit the escape of sparks from all chimneys regardless of the kind, size or size of sparks emitted therefrom, or danger resulting from the escape of sparks. The third is in the following language:

"That said portion of said Ordinance set up in said Paragraph XI½ is void for indefiniteness and uncertainty in that it fails to fix any standard or test of the sufficiency of the device required thereby to arrest sparks, and in that it fails to fix a standard of fineness of the mesh in the wire netting required by said Ordinance."

The plaintiffs assign as errors the order of the court sustaining defendant's said motion to strike, the giving of three instructions and refusing to give two instructions requested by the plaintiffs. Other assignments are named in the abstract of record but are not argued in the brief and for that reason are deemed to have been waived.     Affirmed.

For appellants there was a brief over the name of *Messrs. Platt & Platt, Montgomery & Fales.*

For respondent there was a brief over the name of *Messrs. Malarkey, Seabrook & Dibble.*

COSHOW, J.—1-4. The plaintiffs contend that the ordinance set out in the amended complaint is exercised under a specific grant of power authorizing the city to legislate in the particular manner set out in Section 448 of said ordinance. Based upon that premise they claim that the court was without authority to declare the ordinance unreasonable: 2 Mc-

Quillin, Municipal Corp., 1570, § 724; 2 Dillon (5 ed.), 943, § 600; Cooley on Constitutional Limitations, 201; *Darlington* v. *Ward*, 48 S. C. 570 (26 S. E. 906, 38 L. R. A. 326–333 et seq.); *City of Baltimore* v. *Wollman*, 123 Md. 310, 319 (91 Atl. 339); *Zucht* v. *King* (Tex. Civ. App.), 225 S. W. 267; *Willerup* v. *Village of Hempstead*, 120 Misc. Rep. 485 (99 N. Y. Supp. 56).

In *Zucht* v. *King,* above, the opinion has this language:

"While the court at that time hesitated to say the powers cannot be delegated to the municipal corporation, now no longer a controverted question, but in effect says, where the charter power is sufficient to manifest such purpose, *and the same is not unreasonable,* it will be upheld. Such ordinance is not void on its face. Whether the facts relied on to show the ordinance unreasonable are apparent in the face of the petition or not, a demurrer admits them as true, and the reasonableness or unreasonableness becomes a question of law for the court."

It thus appears that in those cases where the courts have held that the reasonableness or unreasonableness of an ordinance is a matter for the legislative department of the municipality to determine, the courts will even then, under some circumstances, consider the reasonableness of the ordinance because that is a judicial problem. It is true the courts will not set their discretion or judgment against that of the municipality on the matter of policy, but only as to a question of law. In other words, the courts will treat an ordinance of a city within the specific powers granted by its charter the same as they treat an act of the legislature. As charity covers a multitude of sins so the word reasonableness, or its antonym, covers a multitude of reasons

for either enforcing or refusing to enforce an ordinance: 1 Lewis' Sutherland on Statutory Construction, below.

In our opinion the ordinance was enacted under the general powers granted by the charter and not by a specific grant: 2 McQuillin, 1574, § 725; see, also, pp. 1581, 1583, 1586, note 44, 1594, note 71; *Ex parte Wygant,* 39 Or. 429 (64 Pac. 867, 87 Am. St. Rep. 673, 54 L. R. A. 636); *Union Oil Co.* v. *City of Portland,* 198 Fed. 441–443; *Thomas Cusack Co.* v. *Chicago,* 267 Ill. 344 (108 N. E. 340, Ann. Cas. 1916C, 488, 491); *Building Commrs. of Detroit* v. *Kunin et al.,* 181 Mich. 604 (148 N. W. 207, Ann. Cas. 1916B, 959); *Welch* v. *Swasey,* 214 U. S. 91, 105 (53 L. Ed. 923, 29 Sup. Ct. Rep. 567, see, also, Rose's U. S. Notes).

In order for the general power granted to a city by a charter to be specific, the grant must define the mode of its exercise: *City of Portland* v. *Yates,* 102 Or. 513, 519 (199 Pac. 184, 203 Pac. 319); *Chan Sing* v. *Astoria,* 79 Or. 411 (155 Pac. 378); *Ex parte Wygant,* 39 Or. 429, 434 (64 Pac. 867, 87 Am. St. Rep. 673, 54 L. R. A. 636). It becomes, then, our duty to examine into the validity of the ordinance set out in the amendment to the complaint.

5. We do not understand that the defendant questions the power of the city to ordain ordinances on the subject matter of the one herein involved. It is a general rule uniformly applied that in the exercise of the regulatory power ordinances must be definite and certain in expression: 2 McQuillin, 1414, 1426, 1428; 2 Dillon (5 ed.), 927, 928, §§ 590, 591; *State* v. *Clarke,* 69 Conn. 371 (37 Atl. 975, 61 Am. St. Rep. 45, 39 L. R. A. 670). Ordinances fixing fire limits

must be certain, definite and reasonable: 3 McQuillin, 2066.

6. Defendant assails the ordinance involved because it is indefinite, uncertain and vague. The provision of the ordinance directly involved is as follows:

"The top of any chimney, flue, stack or cupola which *emits sparks* or which is used in connection with shavings or sawdust used as fuel, *shall be covered with heavy wire netting of a mesh fine enough to arrest the passage of sparks.*"

It is very patent that this sentence is indefinite and uncertain. A man of ordinary intelligence cannot tell by reading the ordinance how fine the mesh must be in order to arrest the passage of sparks. Indeed, a number of cases decided by this court have stated in effect that human ingenuity has not yet discovered a method of preventing the escape of sparks from chimneys under which is burned wood or coal: *Mt. Emily T. Co.* v. *Oregon-Washington R. & Nav. Co.,* 82 Or. 185, 199 (161 Pac. 398); 13 Am. & Eng. Ency. of Law (2 ed.), 410–413; 11 R. C. L. 940–942; *State* v. *Wittles,* 118 Minn. 364 (136 N. W. 884, Ann. Cas. 1913E, 433, 41 L. R. A. (N. S.) 456); *Atkinson* v. *Goodrich Co.,* 60 Wis. 141 (18 N. W. 764, 50 Am. Rep. 352); *St. Louis* v. *Heitzeberg Co.,* 141 Mo. 375 (42 S. W. 956, 64 Am. St. Rep. 516, 39 L. R. A. 551).

Webster's International Dictionary defines "spark-arrester" as follows:

"Name of various contrivances to prevent the escape of sparks, as from a smokestack."

The Standard Dictionary defines the same term as follows:

"A spark-catcher, as on a locomotive."

117 Or.—27

If the definition of Webster is accepted literally, it would be impossible to utilize a spark-arrester because the refuse would not burn without a draft, and no way has yet been found to absolutely prevent some sparks from escaping through a chimney or smokestack. We believe the intention of the council was to require such chimneys to be provided with contrivances that would reduce to a minimum the number and size of sparks thus escaping. We cannot assume that the ordinance was intended to prevent the maintenance of such industries as sawmills within the corporate limits. But the ordinance should have described the contrivances to be used so that there would be some standard by which the owner or operator would know when he was complying with the ordinance. The city cannot delegate to its administrative officers the determination of such a question. It is a legislative question: *Winslow* v. *Fleischner et al.,* 112 Or. 23 (228 Pac. 101, 34 A. L. R 826). The ordinance assailed is void, therefore, not because the general subject matter thereof or the policy of the city is unreasonable and uncertain, but that it is unenforceable because it is too indefinite and in that sense unreasonable. This conclusion renders it unnecessary to consider the other grounds upon which defendant assails the validity of the ordinance.

"A statute which prohibited the hauling of more than two thousand pounds on a narrow-tired wagon, or more than twenty-five hundred pounds on a broad-tired wagon was held void for uncertainty, because it fixed no standard for determining what a broad, or what a narrow, tire." 1 Lewis' Sutherland on Statutory Construction, 140–145, § 86.

So here the ordinance does not fix any standard whereby a person can determine whether or not he

can comply with its terms, i. e., the fineness of the mesh of the spark-arrester: *District of Columbia* v. *Keen,* 31 App. Cas. D. C. 541, 542 (14 Ann. Cas. 1002).

7, 8. The plaintiffs complain because the ordinance was stricken out of the complaint upon a motion. It is not material whether or not that was the proper method of attaining the object. If error at all, it was not prejudicial, and therefore harmless. The point raised by the plaintiffs to the effect that the defendant could not object to the ordinance unless it affected it injuriously, we think is not well taken. We think there is no room for argument but that the defendant is justified in raising the objection to the ordinance. If the plaintiffs could have availed themselves of the ordinance in the way they attempted to, the defendant would have been placed at considerable disadvantage. The result would have been in a large degree to have changed the burden of proof. If the spark-arrester on defendant's smokestack permits sparks to escape in any quantity, it would have been *prima facie* negligence for the defendant to have used it. It may have been the best possible spark-arrester. If the maintenance of the spark-arrester violated the city ordinance, it would have been negligence presumably to have maintained it. It is a well-established rule of law that the violation of a city ordinance of the nature of the one assailed is negligence *per se: Morgan* v. *Bross,* 64 Or. 63 (129 Pac. 118); *Northwest Door Co.* v. *Lewis Inv. Co.,* 92 Or. 186 (180 Pac. 495); *Peterson* v. *Standard Oil Co.,* 55 Or. 511 (106 Pac. 337, Ann. Cas. 1912A, 625); *Cauldwell* v. *Bingham et al.,* 84 Or. 257 (155 Pac. 190, 153 Pac. 827). Our conclusion is that the ordinance is not enforceable against the defendant because of its vagueness.

9. The plaintiffs claim that the court erred in giving instructions Nos. 12 and 13 and particularly in using the following language in said instructions:

"And when circumstantial evidence is relied upon, the facts and circumstances established by the evidence, to the satisfaction of the jury must not only be sufficient to justify an inference of negligence, but must exclude every other theory as to the cause of the fire."

"The proof supplied by circumstantial evidence must not only be consistent with the truth of the fact in dispute, but also inconsistent with any other theory."

Plaintiffs say that the vice of these instructions is that they omit the word "reasonable" from the expressions: "but must exclude every other theory as to the cause of the fire," and also require the proof to be "to the satisfaction of the jury."

The instructions as a whole are not open to the objections made. Instructions 12 and 13 are as follows:

"And when circumstantial evidence is relied upon, the facts, and circumstances established by the evidence, to the satisfaction of the jury must not only be sufficient to justify an inference of negligence, but must exclude every other theory as to the cause of the fire. And in order for the plaintiff to establish negligence on the part of the defendant in this case, it is not enough for the plaintiff to show a possibility that the fire was communicated to the plaintiff's property by fire, coals, sparks, or live cinders from the defendant's sawdust burner, but they must prove by a preponderance of the evidence that it did so originate."

"The proof supplied by circumstantial evidence must not only be consistent with the truth of the fact in dispute, but also inconsistent with any other theory. It is not sufficient that the circumstances account for and render probable the theory of the plaintiff that the fire occurred by reason of a spark,

cinder or live ember escaping from the sawdust burner through defendant's negligence as in the complaint set out, but they must exclude to a reasonable and moral certainty every other rational inference other than the one that said fire was caused by a spark, cinder or live ember escaping from the sawdust burner through the negligence of the defendant as alleged in the plaintiff's complaint, or else you must find for the defendant. The circumstances re- lied upon must be established by direct evidence, and the inference, if any, must be based upon the circumstances so established and not upon another inference.''

10. Attention is also directed to the following language in the instructions:

''And in order for the plaintiff to establish negligence on the part of the defendant in this case, it is not enough for the plaintiff to show a possibility that the fire was communicated to the plaintiff's property by fire, coals, sparks, or live cinders from the defendant's sawdust burner, but they must prove by a preponderance of the evidence that it did so originate.''

The part of instruction No. 13 objected to by the plaintiff is in harmony with the rulings of this court on the value of circumstantial evidence: 13 Am. & Eng. Ency. of Law, 512; *Mt. Emily T. Co.* v. *Oregon-Washington R. & Nav. Co.,* 82 Or. 185, 189 (161 Pac. 398). In the last case cited this court, in page 199 of the official report, said:

''That the plaintiff could prove liability against the defendant for the consequence of the fire in question by circumstantial evidence from which the jury could reasonably infer negligence; that the facts and circumstances established to the satisfaction of the jury by the preponderance of the evidence must not only be sufficient to justify an inference of negligence, but must exclude every other theory as to the cause or origin of such fire. The instruction em-

bodies the law of circumstantial evidence, and the purport thereof is to require the fact to be proved by a preponderance of the evidence; that is, if the facts and circumstances show two ways or conditions to exist as a result of which the railroad company would be liable, and also three other ways or conditions for which the railroad would not be liable, then the jury was charged that the evidence must preponderate in favor of one or more of the conditions for which the railroad would be liable."

11. The instructions as given by the court were not divided into sections. The instructions will be considered as a whole in considering objections to them and not by segregated parts. The immediate context of the sentences assailed by plaintiffs modify or qualify those particular sentences. We are of the opinion that when the instructions are considered in their entirety they fairly state the law. We do not think that the instructions required the plaintiffs to prove their case beyond a reasonable doubt. The court repeated many times that plaintiffs were required to prove their averments by a preponderance only. The other objections to said instructions, 12 and 13 have been seriously considered and we think the objections are not well taken.

12–14. The plaintiffs took exception to instruction No. 14. The particular complaint in this behalf is that the court applied the same rule of negligence to the operation of the refuse burner as it does to such instrumentalities as locomotives, steamboats, etc., which are necessary and indispensable parts of the industries where they are used. A sawmill is a necessary industry. Sawmills are not permitted to cast their refuse in the streams. The disposition of such refuse by burning is so common than we can take notice of it. It is the general way employed in this state for disposing of the sawdust and other re-

fuse about sawmills. It is the usual method. One cannot be said to be guilty of negligence who conducts his business in the customary, ordinary and usual manner in which the business is conducted in the same locality or place. This instruction in substance was approved in *Mt. Emily T. Co.* v. *Oregon-Washington R. & Nav. Co.,* above; 13 Am. & Eng. Ency. of Law (2 ed.), pp. 410–413; 11 R. C. L., pp. 940–942, 955; 29 Cyc. 460–463; *Lieuallen* v. *Mosgrove,* 33 Or. 287 (54 Pac. 200, 664); *O'Day* v. *Shouvlin,* 104 Ohio, 519 (136 N. E. 289, 25 A. L. R. 980; *Day* v. *Akely Lumber Co.,* 54 Minn. 522 (56 N. W. 243, 23 L. R. A. 513); *American Ice Co.* v. *South Gardiner Co.,* 107 Me. 494 (79 Atl. 6, 32 L. R. A. (N. S.) 1003); *Collins* v. *George,* 102 Va. 509 (46 S. E. 684).

15. Plaintiffs complain because the two following instructions requested by them were not given:

"That it is not necessary, in all cases, in order to sustain a recovery, that the plaintiff should show specific acts of negligence on the part of the defendant by direct evidence; if you should find from the evidence that the fire in question was set by sparks from the defendant's refuse burner, then presumption of negligence on the part of the defendant arises, and a *prima facie* case on the part of the plaintiff is made, and you should find for the plaintiff unless that presumption of negligence is overcome by other evidence."

"In passing upon the question as to whether or not the defendant's refuse burner set the fire in question, the plaintiff is not bound to establish its contention in this regard beyond doubt, and if you should find from the evidence that the fire was unquestionably set either by the defendant's refuse burner or by another cause, and that it is more probable that it was set by the defendant's refuse burner than the other cause, and you should therefore believe it was so set, that would be sufficient to entitle the plaintiff to a

finding in that regard, even though you might still have some doubt in relation to the matter."

The first instruction requested and quoted above was substantially given by the court in the following language:

"I instruct you that if you find from a preponderance of the evidence in this case that the property described in the complaint * * was destroyed by fire communicated to it from the sawdust burner of the defendant in the manner and at the time mentioned and described in the complaint, the fact that such property, * * was destroyed by fire communicated to it by said sawdust burner, raises a presumption of negligence on the part of the defendant in either one, or all of the particulars alleged in the complaint, and casts upon the defendant sawmill company the burden of overcoming such presumption of negligence by evidence which you believe to be true."

The second requested instruction cited above in so far as it was proper to be given was given in this language by the court:

"I further instruct you that negligence is never presumed, except as hereinafter stated, and it, like any other fact in a civil case, must be proven or established by a preponderance of the evidence by the party upon whom the burden of proof rests. That is to say that the law indulges the presumption that all persons perform or discharge their duties to others, and this presumption continues until removed by competent evidence,—direct evidence is not required, however, to establish the existence of negligence, it may be established by proof of the evidence of conditions or circumstances from which an inference of negligence may reasonably be drawn by the jury."

16. The plaintiffs complain because of the instructions of the court regarding direct evidence and inferences. The court defined direct evidence in the

exact language of the statute. On the question of evidentiary value of inferences, he instructed the jury:

"Where the proof of any fact rests or depends upon circumstantial evidence, the jury must be satisfied of the existence of the fact in dispute by a preponderance of the evidence. * * The circumstances relied upon must be established by direct evidence, and the inferences, if any, must be based upon the circumstances so established and not upon another inference. * * I again instruct you that proving a fact by circumstantial evidence does not mean that you are permitted to guess or speculate. It only means that you may draw reasonable and fair inferences from facts and circumstances which are proven to your satisfaction by preponderance of the evidence,— and before you can draw any such inferences, the fact or facts, upon which it is based must be established to your satisfaction by a preponderance of the evidence and the inferences must be fair and reasonable.

"You are not permitted to infer or presume a fact to exist from facts and circumstances which are themselves only proven by inference or presumption. In other words, you cannot base an inference upon an inference."

We think the instructions correctly state the law. This court has repeatedly held that an inference based upon an inference is not evidence. "An inference must be founded upon a fact legally proved." Or. L., § 796. This in substance is what the learned judge told the jury: *Deniff* v. *Charles R. McCormick & Co.*, 105 Or. 697, 704 (210 Pac. 703), and authorities there cited.

The instructions given by the court were fair and impartial and taken as a whole correctly state the law. The court carefully avoided expressing any

opinion as to the value of the evidence and did not embody in his instructions any statement of law not embraced within the pleadings.

The judgment is affirmed.    AFFIRMED.