Argued September 17, affirmed October 19, rehearing denied November 9, 1926.

# ANDREW KERSHAW ET AL. *v.* THE CITY OF WILLAMINA ET AL.

(250 Pac. 235.)

**Municipal Corporations.**

1. Notice of contemplated construction of sidewalk, in which reference was made to specifications on file *held* sufficient without designating quality and thickness of lumber to be used.

**Municipal Corporations—Failure to Establish Grade Before Passing Ordinance for Construction of Sidewalk Did not Invalidate Proceeding Where Charter Did not Make Establishment Condition Precedent.**

2. Where charter of city did not make establishment of a grade a condition precedent to right of council to pass ordinance for improvement of street, fact that city did not establish grade before council passed ordinance providing for construction of sidewalk did not make ordinance invalid.

**Municipal Corporations—Absence of Affirmative Showing in Record That Passage of Ordinance Complied With Rules Does not Make Ordinance Invalid.**

3. Mere absence of affirmative showing on record that passage of ordinance complied with rules of city does not establish that rules of city were violated in passage of ordinance, since courts will presume that law has been complied with where record is silent.

**Municipal Corporations.**

4. Municipal council or recorder has inherent power, and it is duty of recorder, to amend records of previous meeting so that they conform to truth.

**Municipal Corporations.**

5. Where city council has power to determine necessity of local governments, their judgment, while acting within scope of their authority, cannot be controlled by courts.

**Municipal Corporations.**

6. Where city council has power to determine necessity of local governments, their decision is, in absence of fraud, final and conclusive, unless they transcend their powers.

---

Evidence, 22 **C. J.**, p. 137, n. 75.
Municipal Corporations, 28 **Cyc.**, p. 282, n. 96, p. 982, n. 69, p. 994, n. 15, New, p. 1007, n. 57, p. 1016, n. 62.

3. See 19 **R. C. L.** 904.
4. See 19 **R. C. L.** 904.
5. See 19 **R. C. L.** 905.

From Yamhill: W. M. RAMSEY, Judge.

Department 2.

This suit is brought by the plaintiffs to enjoin the defendant City of Willamina from taking measures for laying down certain sidewalks and assessing the costs of such improvements along the north and west sides of block 4 and a portion of block 5, in the City of Willamina, Oregon. From a decree in favor of defendants plaintiffs appeal.

AFFIRMED.    REHEARING DENIED.

For appellants there was a brief over the name of *Messrs. Sims & Walker,* with an oral argument by *Mr. W. O. Sims.*

For respondents there was a brief and oral argument by *Mr. Otto W. Heider.*

BEAN, J.—On the ninth day of November, 1925, the common council for the City of Willamina passed special ordinance No. 98, providing for the giving of notice and the intention of the City of Willamina, Oregon, to construct certain sidewalks on C Street and on Main Street, or as sometimes known, County Road Street, in said city. The ordinance was duly approved by the mayor and attested by the city recorder. Thereafter the city marshal, pursuant to the instruction of ordinance No. 98, gave notice of the proposed street improvement by posting regular notices thereof in public places within the city. The record disclosed that on January 11, 1926, the common council of the City of Willamina passed ordinance No. 101 to provide for the improvement of Main and C Streets in the City of Willamina, by erecting on a portion of C Street, a wooden sidewalk,

and on a portion of Main Street, a concrete side-walk. The ordinance was duly approved by the Mayor and attested by the city recorder. On February 8, 1926, the plaintiffs commenced this suit to enjoin the defendants from accepting any bid for the construction of the proposed improvements and from constructing the same.

The complaint alleges, as far as necessary to notice, that the defendant, City of Willamina, is a municipal corporation; that the defendant Ramsey is city marshal of the city and *ex-officio* street commissioner; that the plaintiffs are the owners of certain lots abutting upon that part of the sidewalk proposed to be constructed. It alleges the passage of ordinance No. 98 and that the city has advertised for bids for the construction of the sidewalk. It also alleges that along the north side of lot 1, block 5, there is now a first class wooden sidewalk in good condition and no necessity exists for removing the same and constructing a cement walk. The complaint further alleges as follows:

"That the property hereinbefore described in lot 4 is mostly vacant property having neither residences nor business houses located thereon and said defendants will, unless restrained by order of this court, assess the cost of the said improvements upon the aforesaid tracts and thereby cast a cloud upon the title thereto to the irreparable damage and injury of each of these plaintiffs; that the defendants have never acquired jurisdiction over the said property or any part thereof."

The defendants answered denying a portion of the allegations of the complaint and setting forth the proceedings taken by the common council in passing the resolution, the passages of the ordinances referred to above, the notice of the proposed improve-

ment given by the city marshal, pursuant to the ordinance No. 98 and the calling for bids for the construction of the improvement by advertisement. The plaintiffs replied putting in issue a portion of the allegations of the affirmative answer.

It is contended upon this appeal that the notice of the improvement is defective in two respects; first, that the specifications for the proposed wooden sidewalk did not designate the quality of the lumber to be used, nor the thickness thereof. Second, that no grade had ever been established upon which said sidewalk was to be laid. It is also contended by the appellants that the alleged ordinance providing for the making of the proposed improvements was never passed by the city council.

In regard to the specifications of the notice to the property owners of property adjacent to and abutting upon the streets to be improved, they were notified that the sidewalk to be constructed at the expense and cost of the abutting and adjacent property, is to be in the following manner: As to C Street, by constructing a wooden sidewalk five feet in width with three stringers and a good substantial foundation "and in accordance with the specifications required by a certain general ordinance on file in the office of the city recorder of the City of Willamina"; and as to Main Street, "by constructing on said parts of Main Street from curb to property line a concrete sidewalk."

The charter of the City of Willamina contains the following provisions:

"Section 51. The council is authorized and empowered to lay out, establish, vacate, widen, extend and open streets or parts of streets and alleys, and parts of alleys in said city, and appropriate private property for that purpose; and to establish the grade

of any streets or alleys and alter the same and to improve or order the improvement of sidewalks, pavements, streets and parts of streets within the city limits, making full or partial improvement thereof, and to establish a system of sewerage, and construct and repair drains and sewers; and it has full power to determine and provide for everything necessary and convenient to the exercise of the authority herein granted.

"Section 52. No improvement or alteration or establishment of any grade mentioned in section 51 shall be undertaken or made without first giving seven days notice thereof by publication in a newspaper in the city of Willamina, or by posting three notices in three public places in said city, particularly describing the improvement to be made, except as in this act otherwise provided."

Section 53 of the charter provides that the notice shall be given by the marshal and *ex-officio* street commissioner, by order of the council and which shall specify with convenient certainty the kind of improvement to be made and the time for such making.

1. After the passage of ordinance No. 98, declaring the intention of the city to make the improvement, different property owners appeared before the council and remonstrated against the making of the improvement and the matter was heard and determined by the council prior to the passage of the ordinance No. 101, requiring the improvement to be made. The notice to which exception is taken by the plaintiff to improve the street is sufficient. It is not essential that such notice set out the details of the proposed improvement where reference is made to specifications on file with the city recorder: *Rubin* v. *City of Salem,* 58 Or. 91 (112 Pac. 713); *Haner* v. *City of Eugene,* 95 Or. 597 (187 Pac. 841, 188 Pac. 711); *Dennis* v. *City of Willamina,* 80 Or. 486 (157 Pac.

799); *Portland* v. *Portland Ry., Light & Power Co.,* 80 Or. 271 (156 Pac. 1058); McQuillin on Municipal Corporations (4 ed.), § 1851.

2. There is no provision in the charter of the City of Willamina making the establishment of a grade a condition precedent to the right or power of the council to pass an ordinance for the improvement of a street, before the grade of the street is established, and the fact that the council did not do so before the passage of ordinance No. 101 providing for the improvement did not invalidate the proceeding: *Wingate* v. *Astoria,* 39 Or. 603 (65 Pac. 982); 6 Mun. Corp. Cas. 815.

3, 4. The plaintiffs contend that there is no record evidence that the ordinances providing for the improvement were ever passed. The testimony shows that they were duly passed by the council and so certified by the mayor and attested to by the recorder. The mere absence of an affirmative showing on the record of the passage of an ordinance does not establish that the rules of the city were violated in the passage of the ordinances. When the record is silent the courts will presume that the law of the city has been complied with. The municipal council, or city recorder, has inherent power and it is the duty of the recorder to amend the records of a previous meeting so that they conform to the truth. Such an amendment could not prejudice the rights of the plaintiffs in any way: *Duniway* v. *Portland,* 47 Or. 103, 117 (81 Pac. 945); *Emmons* v. *Southern Pacific Co.,* 97 Or. 263, 274 (191 Pac. 333); 19 R. C. L. 908, § 206.

5, 6. The defendants claim that the improvement in question was unnecessary. Where the law or charter confers upon the city council, or local legislature, power to determine upon the expediency or

necessity of measures relating to local government, their judgment upon the matters thus committed to them while acting within the scope of their authority, cannot be controlled by the courts. In such case the decision of a proper corporate body like the common council of the City of Willamina, is in the absence of fraud, final and conclusive, unless they transcend their powers: Dillon on Municipal Corporation (1 ed.), p. 457, § 242; 28 Cyc., pp. 281, 282; McQuillin on Municipal Corporations (1 ed.), Vol. VII, § 376, p. 6645; *Pearson* v. *Twohy Bros.,* 113 Or. 230 (231 Pac. 129); 36 A. L. R. 1113; *Oregon Box & Mfg. Co.* v. *Jones Lbr. Co.,* 117 Or. 411 (244 Pac. 313).

The burden of the complaint of plaintiffs is, in effect, that the City of Willamina had, prior to the proceedings referred to herein attempted to construct a sidewalk of the city and had failed to observe the provisions of the charter in regard thereto so as to assess the cost against the abutting property owners and the proceedings were void. As we view it, that matter has nothing whatever to do in relation to the proceedings in question in this case; as we understand the record the learned trial judge so held.

The decree appealed from was right and is affirmed.

AFFIRMED. REHEARING DENIED.

McBRIDE, C. J., and BROWN and COSHOW, JJ., concur.