**MacLAUGHLIN v. HULL.**

No. 8253.

Circuit Court of Appeals, Ninth Circuit.

Jan. 18, 1937.

Ivan L. Hyland, Ford Q. Elvidge, and Mary H. Alvord, all of Seattle, Wash. (Hyland, Elvidge & Alvord, of Seattle, Wash., of counsel), for appellant.

E. L. Skeel and Frank Hunter, both of Seattle, Wash. (Roberts & Skeel, of Seattle, Wash., of counsel), for appellee.

Before WILBUR, MATHEWS,. and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

The appellant was injured by a fall which occurred in the Olympic Hotel in Seattle, Wash., on the evening of February 25, 1935, at 10:30 p. m. She had attended a banquet in the Spanish ballroom of the hotel. The floor level of the Spanish ballroom was 18 inches above the floor. level of the women's lounge, so that she was required to descend two steps, or three risers, in order to reach the floor of the women's lounge. She fell from the top of these steps.

Appellant alleges that the difference in lighting and the furnishing of the two rooms was such that she failed to observe the steps and fell. She brought suit against the appellee who was managing the hotel, charging negligence in permitting an inherently dangerous condition to exist by reason of the defective lighting of the lounge, and also alleging a violation of the

city ordinance which required handrails.[1] The jury returned a verdict in favor of the defendant, the appellee. Appellant appeals from the judgment upon the ground that prejudicial errors were committed in the introduction of evidence and in instructions to the jury.

The Spanish ballroom was separated from the women's lounge by a partition in which there were doors, two of which were open at the time of the accident. The opening was about 12 feet wide, while the platform on the same level in front of the Spanish ballroom and outside the partition was about four feet wide and extended slightly beyond the doors. The steps extended continuously along the front of the platform and returned around the corner of the platform and extended along each end so that the steps turned back to and abutted upon the outside of the wall of the Spanish ballroom. If handrails were placed at the end of the steps they would be parallel to and attached to the outside wall of the Spanish ballroom. If, however, the steps on the ends of the platform were ignored, the handrail might have extended perpendicular to the wall of the Spanish ballroom, thus preventing the use of the steps at the end of the platform. Some of the architects testified that the handrails required by the ordinance should be placed along the wall of the Spanish ballroom, and some contended that they should be perpendicular thereto, all as indicated upon Exhibit 1, which was a floor plan of the Spanish ballroom and the women's lounge.

The appellant had gone up the steps at the time she entered the Spanish ballroom. She had visited that room a number of times more than three years previously but, as she testified, she was completely oblivious to the presence of the steps at the time of the accident, partly because her mind was preoccupied with the illness of her husband. She came out of the Spanish ballroom with the other guests, many of whom were congregated in the women's lounge at the time she fell.

The appellee contends that the word "stairways" in the second paragraph of sec-tion 619 of the ordinance should be construed in conformity with the definition of stairway contained in the first sentence, namely, "stairways of more than three risers," and upon that ground contends that the ordinance does not apply.

Appellee, however, does not press the view that the ordinance was inapplicable because he relies upon the proposition that the injury to the appellant was in no way related to the absence of the handrails if required by the ordinance. It is perfectly clear that handrails seven or eight feet from the place where the appellant fell would have been of no assistance to her in avoiding the accident. Her fall was caused by her failure to observe the fact that there was any stairway there at all, and the only purpose a handrail could have served in that situation would have been to have called her attention to the existence of a stairway. That of course is not the purpose of handrails.

The appellant complains that the trial court permitted a number of architects to testify for the appellee, over her objection that the question was one of law for the court, that in their opinion the ordinance as applied to the stairway in question would require the handrails to be placed in the women's lounge, along the wall of the Spanish ballroom and parallel thereto, which would be perpendicular to the appellant's line of progress as she approached the steps.

The judge, it should be stated, received this evidence in the first instance on the ground that at the time it was offered he was not prepared to determine the proper construction of the ordinance so that in any event the evidence was clearly tentative. If the appellant desired the court to interpret the ordinance, she should have proposed an instruction covering that subject. She did not do so. Under the circumstances, appellant cannot complain of this line of testimony. The objection was well taken, but the appellant is in no position to claim error in the ruling. She had asked her witness Wm. R. Grant, an architect, whether or not in his opinion the con-

---

[1] The provision of the city ordinance in question is contained in section 619 thereof, as follows:

"Sec. 619. All stairways of more than three risers shall have substantial balusters and hand rails around all well holes and along all sides of flights and landings not adjoining walls.

"All stairways in or leading to places of public assembly, public buildings, places of refuge and detention and all stairways over 4' 0" wide in all other buildings shall have hand rails on both sides, except that on landings of greater length than the width of the adjoining stairs in buildings other than places of public assembly a wall rail will not be required."

struction of.the stairway complied with the provisions of section 619, supra, of the city ordinance. He testified that it did not, because "it calls for any stairs leading to a place of public assemblage to have substantial hand rails on both sides of the stairs." On cross-examination he stated that in his opinion the ordinance required the handrails to extend perpendicular to the walls and doors of the Spanish ballroom. There were in fact no handrails so that the evidence of Grant that the ordinance required handrails for the stairs in question was a pure question of law and necessarily involved the legal conclusion as to where the handrail should be located. The appellee sought to rebut this testimony, not by proving that handrails were used in the construction complained of, but by evidence that the handrails would be located according to the ordinance along the wall where they could not be seen or used by the appellant unless she turned squarely to the right or left, and descended the stairs parallel to the wall of the Spanish ballroom. The trial court instructed the jury on that subject as follows:

"It has been admitted before you that this was a place of public assembly, and that these were stairs or a stair; that there were no hand rail or rails. The ordinance required them. The failure to have and maintain hand rails at the sides of this stairway was negligence as a matter of law. * * *

"Under the evidence in this case one of the issues of fact for your determination is where under that ordinance, it was intended, in a stairway such as this, those hand rails should be placed. * * * The defendant was not only under the obligation of maintaining stair rails at the places intended by this ordinance. * * * You will next pass to the consideration of the question of whether the absence of hand rails * * * was or was not the proximate cause of her injury."

The appellant did not object to these instructions which left the jury to say where the handrails should be located, but the appellee objected thereto as follows: "I had in mind also the question of the city ordinance, whether the Court puts that upon the jury to determine as a question of fact what the ordinance means, or whether the Court wishes to himself interpret the ordinance and leave the jury to apply it to the fact[s]." The judge replied: "The meaning of that ordinance as applied to this stairway is for the jury's determina-

tion as a question of fact." To which the appellee excepted and the appellant did not.

It is true that the interpretation of the ordinance was a question for the trial judge, and if requested to do so by the appellant he should have instructed the jury as to the meaning and application of the ordinance. Appellant did not request such an instruction. She did not inform the trial court of the interpretation she placed on the ordinance other than as is implied from her examination of her witness Grant, above referred to, and she does not inform us thereof. Under these circumstances the appellant cannot complain of an error which she invited in the first place, and which she later acquiesced in by failing to object to the submission of the proper location of the hand rails as a matter to be determined by the jury. See, Gibson v. Gernat, 267 F. 305; Chesapeake & Ohio R. R. v. Lushbaugh (C.C.A.) 17 F.(2d) 986. Furthermore, if the ordinance as applied to the case in hand is not too uncertain to be valid (see as to certainty required in an ordinance, Green v. City of Demopolis, 20 Ala.App. 115, 101 So. 529; Oregon Box & Mfg. Co. v. Jones Lbr. Co., 117 Or. 411, 244 P. 313; Taft v. Shaw, 284 Mo. 531, 225 S.W. 457), we agree with the appellee's witnesses that the rail should be along the wall of the Spanish ballroom because if the stairs have any "sides" they are at the ends of the stairs which abut against the walls.

The appellant also objected to the testimony given by a number of experts to the effect that the handrails placed at the "side" of the stairs would have been of no assistance to her under the circumstances. This evidence was improper and the order admitting it was erroneous, because that matter was within the common knowledge of the jurors, but for that very reason its introduction was harmless error because the testimony conformed to the physical facts and the knowledge of the jurors (People v. Durrant, 116 Cal. 179, 48 P. 75, 85; Holt v. School District, 102 Wash. 442, 173 P. 335), for it is perfectly evident that a handrail seven or eight feet from where the appellant fell would have been of no assistance in preventing her fall.

Appellant objected to the testimony offered by the appellee that there had been no complaint about the lighting of the Spanish ballroom or the women's lounge. This evidence was admissible in view of appellant's contention that there had been

numerous accidents resulting from the unusual construction of the hotel and, consequently, the appellee was fully advised of the dangerous condition of the stairs.

■ Appellant contends that the court erred in permitting evidence tendered by the appellee to the effect that many other hotels had a similar stair construction and lighting to that complained of. In view of the fact that she alleged in her complaint that such a construction as hereinbefore described is inherently dangerous and is unusual and not to be expected in such a location, it is clear that evidence to show that the construction was not unusual was within the issues raised by the appellant. Moreover, it would have been admissible in any event as against the general charge of negligent construction and lighting. Hogan v. Metropolitan Bldg. Co., 120 Wash. 82, 206 P. 959; Pittsburgh, S. & N. R. Co. v. Lamphere (C.C.A.) 137 F. 20, 23.

■ Appellant assigns as error the admission of testimony of Robert C. Reamer to the effect that appellant, in her line of travel from the Spanish ballroom was, according to her own testimony, between seven and eight feet from the nearest side of the stairway. Appellant's objection was that the question called for a conclusion of the witness. The location of appellant's course, and of the hypothetical stair rails required by the ordinance, had already been indicated upon a floor plan drawn to scale. The question in effect directed the witness to measure, or estimate, the distance as shown by the plan. This was a mere matter of convenience for the information of the jury and clearly permissible.

■ Appellant claims that the trial court erred in permitting evidence as to the number of people who had used this stairway. It appeared therefrom that since the hotel had opened nearly a million people had passed over the stairway and that about 75,000 people passed over it annually. On this subject appellant alleged in her complaint that the stairway had' caused injury to many persons prior to the time of her injury. She offered evidence in support of that allegation. Appellee was clearly entitled to rebut this evidence by the showing made as to the frequency of use of the stairway and the relative infrequency of accidents.

■ After witness, Naldrett, had testified without objection to the number of persons using the steps, as shown by the books, another witness, Frank Wilbur Hull, was called to testify from his own knowledge as to the number who had used the steps. This evidence was objected to on the ground that "the books alone would disclose that." His testimony was offered and was clearly admissible as independent testimony on the subject.

■ Appellant complains of the rejection of two instructions that she proposed upon the subject of her preoccupation at the time of her fall, as follows:

Proposed instruction No. 10: "The mere fact that the plaintiff was aware of the existence of the steps or stairway, in the sense that she had that evening previously passed up them, is not ·of itself conclusive of negligence on her part. She was only required to exercise such care and caution as a party of ordinary prudence would use under similar circumstances. If the situation generally was such that the existence of the stairs would not be readily brought to her attention, and she was mentally preoccupied or momentarily forgetful of their existence, then she would not be guilty of negligence. Such knowledge as would bar a recovery on her part must be a then present knowledge."

Proposed instruction No. 11: "In considering the knowledge which the plaintiff had of these steps or stairway at the time of the accident, you will take into consideration the number of times that she had passed over them in the previous years, whether a few times or many times. You will also take into consideration whether under all the circumstances the situation was one of hidden danger. Even if the plaintiff were aware of the dangerous situation, I instruct you that momentary forgetfulness may absolve her from the charge of contributory negligence when the danger is so hidden or obscure as not of itself to be a reminder of its existence to one coming within its presence. Mere forgetfulness of hidden danger with which one may be acquainted does not necessarily constitute contributory negligence."

Proposed instruction No. 10 was not a correct statement of the law. The following statement contained therein was erroneous: "If the situation generally was such that the existence of the stairs would not be readily brought to her attention, and she was mentally preoccupied or momentarily forgetful of their existence, then she would not be guilty of negligence."

The question of whether or not her preoccupation was consistent with the exercise of due care was a question for the jury. This instruction would have taken from the jury the question of appellant's negligence if she was "mentally preoccupied," etc. This was a factual question for their consideration.

Proposed instruction No. 11 was erroneous in that it referred to a hidden danger. There was no hidden danger as that term is used in the law. Of the scores of guests present, the appellant was the only one who failed to observe the stairway.

Judgment affirmed.

HANEY, Circuit Judge (concurring). I concur in the result only.