## HEYWARD v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. November 14, 1924.)

No. 4412.

Bankruptcy ☞346 — Government's claim for additional tax on excess profits earned by partnership before incorporation held entitled to priority over claims of other creditors, corporation being chargeable with notice of former partners.

Where partnership was incorporated in 1919, and corporation was adjudicated bankrupt in 1922, additional excess profits tax assessed in 1923 against profits of partnership earned in 1917 had priority over claims of other creditors, corporation being chargeable with notice of former partners, and Rev. St. § 3186 (Comp. St. § 5908), does not apply, and it was immaterial that bankruptcy trustee had no notice of bankrupt's liability for taxes.

Appeal from the District Court of the United States for the Southern District of Georgia; William H. Barrett, Judge.

Suit by A. H. Heyward, as trustee for the W. J. Marshall Company, bankrupt, against the United States. Decree for defendant, and plaintiff appeals. Affirmed.

See, also, 291 F. 268.

Wallace Miller, of Macon, Ga., for appellant.

F. G. Boatright, U. S. Atty., of Cordele, Ga., and B. S. Deaver, Asst. U. S. Atty., of Macon, Ga.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. On November 22, 1919, W. J. Marshall and R. L. Crandall dissolved the W. J. Marshall Company, a partnership, under which name they had for several years, including the year 1917, been engaged in business, and organized the W. J. Marshall Company, a corporation, with a capital stock of $100,000. Marshall and Crandall divided up between themselves partnership assets of the value of $18,000, transferred the remainder of such assets to the corporation, and received in return its capital stock of the par value of $95,000, in proportion to their interests in the partnership. The remaining $5,000 of the capital stock was issued to the bookkeeper, to be paid for out of the earnings of the corporation. The corporation acquired no assets other than the assets of the partnership. In short, the partnership was incorporated. The corporation continued in the business formerly carried on by the partnership, until it was, in December, 1922, adjudicated a bankrupt.

In February, 1923, the United States Commissioner of Internal Revenue assessed a tax of $8,326.29 for additional excess profits earned in 1917 by the partnership, and the United States filed its claim for the tax with the trustee of the estate of the bankrupt corporation. The District Court held that the government's claim had priority over the claims of other creditors, and ordered it paid in full. The trustee in bankruptcy appeals.

The liability of the partnership was for a tax. That tax accrued in 1917, and then became a lien against the property of the partnership. The corporation took this property subject to the tax lien, because it had notice through the former partners, Marshall and Crandall, who are chargeable with notice, although the assessment was not recorded until after the partnership assets were acquired. The bankrupt does not occupy the position of a purchaser without notice, and therefore is not entitled to rely on R. S. § 3186 (Comp. St. § 5908). Actual notice to it took the place of record notice. Nor is it material that the trustee in bankruptcy had no notice, actual or constructive, of the bankrupt's liability for a tax due to the United States. This is true, although the trustee has the lien of a judgment creditor, for under section 64 of the Bankruptcy Act (Comp. St. § 9648), the tax has priority over debts.

The decree of the District Court is affirmed.