## In re PENNSYLVANIA CENTRAL BREWING CO.

### No. 8091.

Circuit Court of Appeals, Third Circuit.

Argued Nov. 6, 1942.

Decided April 9, 1943.

R. Lawrence Coughlin, of Wilkes-Barre, Pa. (Neil Chrisman and Hopkin T. Rowlands, both of Wilkes-Barre, Pa., on the brief), for appellants.

John H. Bigelow, of Hazleton, Pa. (Jerome P. Casey, of Scranton, Pa., on the brief), for appellee.

Before BIGGS, JONES, and GOODRICH, Circuit Judges.

BIGGS, Circuit Judge.

The appellants in the prior appeals, at Nos. 7329 and 7373 respectively, are again the appellants in the case at bar except for the fact that Luzerne County Institution District has succeeded to the rights of Central Poor District.[1] A brief recapitulation of the facts out of which all these appeals grow must be made in this opinion. See, also, the previous opinion of this court in 114 F.2d at page 1010.

On December 18, 1934 a petition for reorganization of Pennsylvania Central Brewing Company was filed in the court below pursuant to the provisions of Section 77B of the Bankruptcy Act, 48 Stat. 911, 11 U.S.C.A. § 207. An attempt was made to operate the business of the debtor, but no reorganization being possible, on July 16, 1936 pursuant to a rule to show cause issued on January 6, 1936, an order dated July 11, 1936 was entered directing liquidation of the estate pursuant to the provisions of Section 77B of the Bankruptcy Act. The matter was referred to David Rosenthal, Esquire, now deceased, one of the referees in bankruptcy of the Middle District of Pennsylvania, as a special master.

The debtor and bankrupt owned real estate in three counties in Pennsylvania. It possessed a brewery property known as the Reichard and Weaver Brewery and a small lot adjacent to it in Wilkes-Barre in Luzerne County. It had also property in Scranton, in Lackawanna County, known as the E. Robinson plant. It also possessed a small parcel of real estate at Honesdale in Wayne County. It possessed personal property at the Reichard and Weaver Brewery and it also had personal property at the E. Robinson plant. Pursuant to the order of July 16, 1936 the property of the debtor was sold free and clear of all liens and encumbrances, liens and encumbrances to attach to the proceeds of the sale in their proper order of priority.[2]

The appellants in the former appeals, the Luzerne County taxing authorities and the City of Wilkes-Barre had perfected liens for taxes against the properties in Luzerne County prior to July 16, 1936. The City of Scranton and Lackawanna County taxing authorities also had perfected liens for taxes against the real estate in Lackawanna County also before the sale. The record before us in this appeal, as was the case with the record in the last appeals, is chaotic and disordered and we cannot tell whether or not the taxing authorities of Wayne County had likewise perfected tax liens against the debtor's property in Wayne County, but the briefs in the case at bar seem to indicate that the Wayne County taxing authorities had done so. It appears from the record that the United States had filed liens for taxes in accordance with the terms of the Revenue Act, 53 Stat. 449 as amended 53 Stat. 882, 26 U.S.C.A. Int. Rev.Code, § 3672, and the laws of Pennsylvania, Act of May 1, 1929, P.L. 1215, 74 P.S. Pa. § 141 et seq., prior in time to those filed by the Luzerne County and the Lackawanna County taxing authorities respectively in Luzerne and Lackawanna Coun-

[1] Act of June 24, 1937, P.L. 2017, 62 P.S.Pa. § 2201 et seq.

[2] Pursuant to the Act of June 15, 1911, P.L. 955, 72 P.S.Pa. § 3342, as amended Act of April 9, 1929, P.L. 343, 72 P.S. Pa. § 1401 taxes due the Commonwealth constitute a lien upon both the realty and personalty of the debtor. See Commonwealth v. Central Realty Co., 338 Pa. 172, 12 A.2d 312. Similarly federal law provides that taxes due the United States shall be a lien upon all property and rights to property, whether real or personal, belonging to the debtor. 53 Stat. 448, 26 U.S.C.A. Int.Rev.Code, § 3670. But see Section 67, the Chandler Act, 52 Stat. 875, as amended, 54 Stat. 835, 11 U.S.C.A. § 107 postponing in payment liens on personal property for taxes owing the United States when such liens are not accompanied by possession.

ties. The United States had also perfected its liens for taxes in Wayne County.

The record likewise shows that the Commonwealth of Pennsylvania had "settled" in accordance with the Pennsylvania statute, Act of June 15, 1911, P.L. 955 § 1, as amended Act of April 12, 1923, P.L. 63 § 1, 72 P.S. Pa. § 3342, certain of its claims for taxes prior to the effecting of the liens for taxes by the United States and the respective county and local authorities.

The real estate at Wilkes-Barre in Luzerne County when sold brought $18,481.-50.[3] The real estate consisting of the E. Robinson plant and the personal property in Scranton, Lackawanna County, and the personal property of the Reichard and Weaver Brewery at Wilkes-Barre, were sold under one bulk bid in a sale conducted at Scranton. The bulk bid which was accepted amounted to $39,610. As we have indicated there was no segregation of personal property from real property and no segregation of the personal property at Wilkes-Barre from the personal property at Scranton at the sale. It has subsequently been stipulated that the personal property at the Reichard and Weaver Brewery brought $5,000 and it has likewise been agreed that the personal property of the E. Robinson plant in Scranton brought $14,-500. It has also been stipulated that the cost of preservation and sale of the Reichard and Weaver Brewery, apparently with the adjacent lot which constituted the second piece of real estate in Wilkes-Barre, was $2,500. The sum of $15,471.58 was received by the trustees by way of rent and the sale of miscellaneous items including beer brought $14,456.14. It is not stipulated and the record does not show where these miscellaneous items were situated.

There were and are also expenses of administration consisting largely of fees of the trustees and their counsel and of the fees of the special masters. There were also wage claims.

The late special master filed a report which contained a proposed distribution which was approved by the court below on June 22, 1940. The court's order directed the trustees to distribute the assets in ac-

cordance with the master's report. The master's report gave priority of payment to the expenses of administration and to the wage claimants before the tax liens of the Luzerne County taxing authorities and of the City of Wilkes-Barre. These parties as we have stated were the appellants in the prior appeals.

We reversed the order of the District Court of January 22, 1940, directed that the tax liens of the Luzerne County taxing authorities and of the City of Wilkes-Barre be given priority of payment over expenses of administration and wage claims insofar as the proceeds of the sale of the Luzerne County real estate was concerned and stated that the Reichard and Weaver Brewery property should bear as its portion of the expenses only the necessary costs of preservation of the property and of its sale. Our order stated "that the order of January 22, 1940 of the said District Court in this cause be, and the same is hereby re versed, and the cause is remanded to the said District Court with directions to proceed in conformity with the opinion of this court." Our mandate to the District Court followed this order exactly.

Following the remand of the cases, the District Court appointed the present special master with the direction to him to proceed to determine the rights of the parties in conformity with our opinion.

The present special master in a report filed November 8, 1941, which consists of thirty-six printed pages, reviewed the case and examined the law. His report contains apparent inconsistencies in respect to the facts. We use the word "apparent" advisedly because the special master has not appended to his report schedules which he states are appended and which presumably set up the exact amounts of the lien claims of the respective tax claimants. None the less the contents of the report are sufficiently clear to show the distribution which he proposes. The report and the proposed distribution were approved by the District Judge on June 19, 1942, without opinion.

Seeking to apply the doctrine of res judicata to the facts of the case at bar the special master held that since the only ap-

[3] Actually the total price seems to have been $18,500, the difference in amount being the cost of documentary stamps which were paid by the estate. The actual amount brought by the Reichard and Weaver property is not clear from the record. It was referred to in the prior

appeal as having been the sum of $16,-000. The present special master refers to the amount in his report variously as $16,000 and as $16,500. For the purposes of this appeal, however, the amount is immaterial.

pellants in the prior appeals were the taxing authorities of the County of Luzerne and the City of Wilkes-Barre and since these appeals went solely to the distribution of the funds received by the trustees from the sale of the Reichard and Weaver Brewery real estate, the rights of all the parties who were not appellants were fixed and adjudicated by the order of the District Court of January 22, 1940, approving the report and proposed distribution of the first special master. Therefore, concluded the master, since the tax liens of the United States and of the Commonwealth of Pennsylvania had been filed in Luzerne County, the proceeds from the sale of the Luzerne County real estate had to bear and beal alone the payment of the liens of the United States (save for one item of $1,070.52 which was put over by the special master against the sums brought from the sale of the other parcels of real estate and the sales of all personal property) and the payment of the claims of the Commonwealth of Pennsylvania. The result of this ruling is as follows. Of the $18,500 brought by the sale of the Luzerne County real estate, the Luzerne County taxing authorities and the City of Wilkes-Barre would receive against their claims amounting to more than $15,000, payments totalling $2,099.82. The rest of the fund of $18,500 would go to the United States and to the Commonwealth of Pennsylvania, their claims amounting respectively to $12,695.23 and $3,704.95. All of the administration costs were then taxed by the special master against the rest of the funds in the hands of the trustees amounting to $28,718.97.[4] The City of Scranton and the Lackawanna taxing authorities were allowed the sum of $1,307.09 and, as we have already stated, the United States was allowed the sum of $1,070.52, designated in the master's report as, "Balance of Fund allowed United States of America". No reference is made in the proposed distribution to the proceeds of the sale of the Honesdale property in Wayne County, nor to Wayne County tax liens.

■ The proposed distribution approved by the District Court is clearly erroneous and works injustice not only to the appellants but to other claimants as well. This is so for a number of reasons. First, as we stated in our prior opinion, liens are property rights and may not be divested as a matter of procedure. See Britton v. Western Iowa Co., 8 Cir., 9 F.2d 488, 490, 45 A.L.R. 711. All the real estate of the debtor was sold free and clear of all liens and encumbrances, the liens and encumbrances to attach to the proceeds in their proper order of priority. The liens were in existence prior to the sales of the property. They attached to the funds in the hands of the trustees as these funds were received from the sales. This was true of the liens of the Luzerne County taxing authorities and of the City of Wilkes-Barre. It was also true of the claims of the other lien claimants. The special master and the District Judge have disregarded these cogent facts. Oddly enough, the special master has applied the doctrine of res judicata against the appellants in the former appeals, who are substantially the same appellants who appealed in the case at bar, to their disfavor, while simultaneously applying the same doctrine in favor of the liens of the United States and of the Commonwealth of Pennsylvania though they were not appellants in the prior appeals.

■ Second, following the order of January 22, 1940, the District Court upon the application of the appellants in the prior appeals, ordered a stay of all proceedings pending the disposition of the appeals and consequently no distribution was made. By our judgment of September 20, 1940, this court reversed the order of January 22, 1940 in toto. In view of our reversal of the order it follows that there was no final determination of the rights of the parties by the order of the District Court of January 22, 1940. We had before us an order which dealt with the distribution of the entire estate of the debtor. The special master and the court below have treated our mandate as if we had concerned ourselves solely with the distribution of a portion and only a portion of the bankrupt's estate, the fund received from the sale of the Luzerne County real estate. This

4 The total sum in the hands of the trustees as of the date of the present special master's report was $47,218.97. As we have indicated, the master arbitrarily divided this into two parts: one in the sum of $18,500 representing the proceeds of the sale of the Luzerne County real estate; the other, in the sum of $28,718.-97, representing the proceeds of all other sales, real and personal, less expenses of administration or other charges. What these were does not appear from the record. The total sum received by the trustees was $122,608.22.

was error. We were concerned, as the court below should have been concerned, with the marshaling of the assets of the bankrupt's estate for the payment of the claims against it equitably and in accordance with law. That also is our present concern and will become the concern of the court below upon the remand of this cause.

As we have already stated, the order of liquidation in this cause was entered upon July 11, 1936, almost seven years ago. In comparison with the liabilities, the estate is not a large one. When liquidated, the total assets of the estate amounted to $122,608.22. The litigation has been unnecessarily prolonged. Two special masters have been appointed and they have accomplished little to bring about the termination of the cause. The nature of the appeal at bar indicates the desirability, if not the necessity, of the District Judge himself taking charge of the proceedings and bringing it to a rapid determination.

■■ Certain general rules may be laid down for the guidance of the court below. A proceeding in bankruptcy is a proceeding in rem against the estate of the debtor. Straton v. New, 283 U.S. 318, 321, 51 S.Ct. 465, 75 L.Ed. 1060; Acme Harvester Company v. Beekman Lumber Company, 222 U.S. 300, 307, 32 S.Ct. 96, 56 L.Ed. 208. As such the entire estate is within the jurisdiction of the bankruptcy court which must dispose of the entire estate and not only the portion or portions thereof to which particular appellants may lay claim or be entitled. We will not leave in effect what Judge Frank, speaking for the Circuit Court of Appeals for the Second Circuit in Re Barnett, 124 F.2d 1005, 1009, aptly referred to as "a truncated order". A court of bankruptcy is a court of equity, and possessing jurisdiction of the cause the court below must dispose harmoniously and justly of the assets of the bankrupt.

■ Upon the confused record before us it is difficult to state specifically what the court below must do. It is obvious that the proceeds of the sale of the Luzerne County real estate should be compelled to bear only their fair share of the tax claims of the United States and of the Commonwealth of Pennsylvania. The tax liens of the Luzerne County taxing authorities and of the City of Wilkes-Barre must be paid from the proceeds of the sale of Luzerne County real estate. The tax claims of the Lackawanna County taxing authorities and of the City of Scranton must be paid from

the proceeds of the sale of the Lackawanna County real estate. The same rule should be applied to the tax claims, if any, of the Wayne County taxing authorities and the Wayne County real estate.

The order of the District Court of June 19, 1942 is reversed and the cause is remanded. The District Judge is directed to dispense with the services of any special master and himself to marshal the assets of the debtor equitably and in accordance with law and to make distribution of those assets to those who are entitled thereto Seven years is too long a time to effect payment of creditors in a case such as that at bar. There must be an end to this litigation.