**In re GLENN–COLUSA IRR. DIST.**

**No. 10515.**

District Court, N. D. California, N. D.

Sept. 26, 1945.

Brobeck, Phleger & Harrison, of San Francisco, Cal., for movant, Frank Kennedy.

J. J. Hankins, of Meridian, Cal., A. L. Cowell, of Stockton, Cal., and Wright Callender, of Willows, Cal., for debtor.

W. Coburn Cook, of Turlock, Cal., for Pueblo Trading Co., N. O. Bowman, H. A. Shaw, and others objecting creditors.

WELSH, District Judge.

Glenn-Colusa Irrigation District filed a petition under Chapter 9, Sections 81 to 84 of the Bankruptcy Act, 11 U.S.C.A. §§ 401–404. Three bonds of the debtor corporation of the face value of $1,000 each were owned and held by Frank Kennedy, moving party herein, who filed proof of a claim for $3,000, with interest, on the 19th day of February, 1944.

An interlocutory decree was entered confirming a plan of composition on the 6th day of June, 1944. Said interlocutory decree named the First National Bank of Willows, California, as disbursing agent; required the Irrigation District to deposit with the disbursing agent the sum of $207,-721.52 from which to pay the claims theretofore approved by this Court; and provided "the approved claims shall be paid only upon the surrender to the disbursing agent of the securities on which the respective claims are based, except in the case of the claims based on the bonds and warrants adjudged to have been lost, which shall be paid as hereinafter provided, and except coupons of bonds registered as provided in Paragraph 3 hereof.

"5. That if any of the bonds or interest coupons or valid warrants of the former Williams Irrigation District are not surrendered to the disbursing agent within thirty (30) days after the expiration of the extended time fixed herein for the filing of claims, except the bonds, coupons and warrants adjudged to have been lost and the coupons of bonds registered as above provided, the proportionate sum to which the holder thereof may be entitled under the plan of composition and the terms of

this decree shall be held by the disbursing agent and form a portion of the funds for final distribution to the creditors who have complied with this Decree."

No notice of the entry of said interlocutory decree was received by said Frank Kennedy or his attorneys. No appeal was taken from said interlocutory decree and the time within which such appeal might have been taken expired 40 days after the entry of said decree. Sec. 25, sub. a, Bankruptcy Act, 11 U.S.C.A., § 48, sub. a.

Said Frank Kennedy filed a notice of motion herein on the 22d day of May, 1945, together with affidavits showing that the first notice or knowledge of the interlocutory decree obtained by his attorney was received pursuant to a long distance telephone conversation with the clerk of this court on the 11th day of May, 1945. Said Kennedy was taken ill shortly after the entry of said interlocutory decree and subsequent thereto was out of the jurisdiction of this court at a clinic in the State of Massachusetts until November 29, 1944.

Certificates filed by his physicians show that he was unable to attend to his business affairs during that time.

The files in this matter show that the address of the movant's attorneys appeared at the top of the proof of claim filed on his behalf, and that such claim also disclosed his address as 111 Sutter Street, San Francisco, California.

Section 2 of the Bankruptcy Act vests District Courts "with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings, in vacation, in chambers and during their respective terms * * *." 11 U.S.C.A. § 11,

Said section further provides that said courts may "(15) make such orders * * in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this Title; * *. Nothing in this section contained shall be construed to deprive a court of bankruptcy of any power it would possess were certain specific powers not herein enumerated."

These provisions give this Court ample authority to grant the present motion. Do the circumstances justify the exercise of discretion favorably to said motion?

Equitable considerations in bankruptcy matters so indicate. In Wright v. Board of Public Instruction, 5 Cir., 142 F.2d 577,

579, the opinion was expressed that a bankruptcy court has jurisdiction "in its discretion, if justice and equity so require" to reconsider the disallowance of a proof of claim. If it can do that, it is equally reasonable to allow a claimant whose claim has already been allowed to turn in his bonds to share pro rata with other bondholders, even though such turning in may be done later than the others.

In Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557, the Supreme Court said that a District Court in bankruptcy matters applies the doctrines of equity, and is not limited to any terms of court in granting a rehearing, vacating, altering, or amending its decree, even after an appeal has been perfected and after the time for appeal has expired.

In would be unconscionable to deny the motion. Equity does not favor anything which amounts to a forfeiture. In re Detroit Macaroni Co., D.C., 46 F.Supp. 284, 286.

"A court of bankruptcy is a court of equity, and possessing jurisdiction of the cause, the court below must dispose harmoniously and justly of the assets of the bankrupt." In re Pennsylvania Central Brewing Co., 3 Cir., 135 F.2d 60, 64.

"In the exercise of its equitable jurisdiction the bankruptcy court has the power to sift the circumstances surrounding any claim to see that injustice or unfairness is not done in administration of the bankrupt estate." Pepper v. Litton, 308 U.S. 295, 307, 60 S.Ct. 238, 246, 84 L. Ed. 281.

"It is well established that a court of bankruptcy, in a strict sense, is a court of equity, the estate being a trust in the possession of persons completely under the control of the court in so far as they deal with the property subject to its jurisdiction." Donald v. San Antonio Joint Stock Land Bank, 5 Cir., 100 F.2d 312, 314 (quoted with approval in Re Loose, D.C., 52 F.Supp. 20, at page 22).

Furthermore, a party who has appeared in a legal proceeding should be entitled to actual notice, rather than constructive notice or notice by publication. Published notice is at best but a poor substitute for notice by personal service or by mail.

The California Statutes make provision for notice such as: "Notices must be in

writing * * * may be served upon the party or attorney in the manner prescribed in this chapter, when not otherwise provided by this code." Code of Civil Procedure, Sec. 1010. "The service may be personal, by delivery to the party or attorney on whom the service is required to be made * * *." Code of Civil Procedure, Sec. 1011. "Service by mail may be made where the person on whom it is to be made resides or has his office at a place where there is a delivery service by mail * *." Code of Civil Procedure, Sec. 1012.

"All pleadings subsequent to the complaint, must be filed with the clerk or justice, and copies thereof served upon the adverse party or his attorney * * *." Code of Civil Procedure, Sec. 465.

The Court believes that, even in the absence of such statutory enactments, similar notice should have been given movant herein before his property rights in the bonds could be divested.

Importance of notice has been emphasized by the Supreme Court of California. In Texas Co. v. Bank of America, 5 Cal. 2d 35, 43, 53 P.2d 127, 132, it said: "A total lack of jurisdiction due to absence of notice sufficient to constitute due process of law cannot be cured by a curative statute." In Miller v. McKenna, 23 Cal.2d 774, 782, 147 P.2d 531, 536, it used this language: "Among the jurisdictional requisites are * * * sufficient notice and opportunity for hearing to constitute compliance with due process."

The type of notice to which a party is entitled is indicated in Hill Military Academy v. Portland, 152 Or. 272, 53 P.2d 55, 58, wherein it is said that he must be notified of the time and place of hearing, and that he shall have a right to be present and make objections. No such opportunity was given the moving party herein.

█ If movant's motion were not granted, he would be deprived of his property without due process of law in violation of the Fifth Amendment to the United States Constitution. A basic requisite of that constitutional guarantee is that appropriate notice of judicial action be given to parties affected. As was said in Simon v. Craft, 182 U.S. 427, 436, 21 S.Ct. 836, 839, 45 L.Ed. 1165, "The essential elements of due process of law are notice and opportunity to defend."

"The deprivation of the citizen of his property without notice and opportunity to be heard amounts to the taking of his property without due process of law." Clarksburg-Columbus Short Route Bridge Co. v. Woodring, 67 App.D.C. 44, 89 F.2d 788, 790.

The case of Bekins v. Compton-Delevan Irr. Dist., 9 Cir., 150 F.2d 526, 530, discloses a situation closely comparable to the one involved herein. The position of the bondholder therein was even weaker than herein for the reason that the proceedings had gone to a final decree. The bonds were not presented within the period of time specified in said final decree.

The Court commented: "But it is also true that appellants had no notice of the entry of the final decree. Such notice could and should have been given. The clerk knew, and appellee knew, that appellants held these bonds and were entitled to be paid therefor $2,200 of the $13,640 which the disbursing agent had deposited with the clerk. The address of one (if not of both) of the appellants was known to the clerk and to appellee. There was no excuse for failing to notify appellants of the entry of the final decree."

█ This Court is bound to hold similarly that notice could and should have been given the movant Kennedy of the entry of the interlocutory decree. Addresses were available in the file in the office of the clerk of this court to which such notice could have been addressed.

The Circuit Court of Appeals held (with reference to the provisions of the decree that bonds not presented within the time specified in the decree should be forever barred from participating in the plan of composition) that since "appellants had no notice of the entry of the final decree, we think these provisions should not apply to them."

Said Court also held that the denial of the motion to pay the appellant bondholders the pro rata was an abuse of discretion on the part of the trial court because the denial "would lead to a grossly inequitable result." It would be equally inequitable here to deny the motion of the bondholder, Frank Kennedy.

It is therefore ordered that the decree of this court heretofore made on the 6th day of June, 1944, and providing that if any bonds of Williams Irrigation District are not surrendered to the First National Bank of Willows, as the disbursing agent of this court, within 30 days after October 20,

1944, the proportionate sum to which the holder thereof may be entitled under the Plan of Composition and the terms of said decree shall be held by said disbursing agent and form a portion of the funds for final distribution to the creditors who have complied with said decree, be, and the same is hereby amended to provide that Frank Kennedy may surrender the aforesaid bonds owned by him at any time prior to the 25th day of October, 1945, and thereupon said Frank Kennedy shall have the right to receive such payment provided in the Plan of Composition and in said Decree.

It is hereby further ordered that Glenn-Colusa Irrigation District and the First National Bank of Willows, as the disbursing agent of this court, pay to Frank Kennedy the amount provided by the Plan of Composition upon the surrender and deposit of $3,000 principal amount of bonds of Williams Irrigation District, together with attached unpaid coupons maturing January 1, 1932, and subsequent, being bonds numbered 59, 60 and 99 of the Second Issue.