### UNITED STATES v. HEFFRON et al.

### No. 11226.

Circuit Court of Appeals, Ninth Circuit.

Jan. 7, 1947.

Rehearings Denied Feb. 4, 6, 1947.

---

Sewall Key, Acting Asst. Atty. Gen., J. Louis Monarch, S. Dee Hanson and Arthur J. Jacobs, Sp. Assts. to Atty. Gen., and Charles H. Carr, U. S. Atty., E. H. Mitchell and George M. Bryant, Asst. U. S. Attys., and Eugene Harpole, Sp. Atty., B. I. R., all of Los Angeles, Cal., for appellant.

J. N. Hastings and Robert G. Blanchard, both of Los Angeles, Cal., for appellee Ruth Adams.

Martin Gendel, of Los Angeles, Cal., for appellee William I. Heffron.

Before MATHEWS, STEPHENS, and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

On December 21, 1942, Bert O. Adams and Ruth Adams, husband and wife, resi-dents of California, acquired title to some real property in Inglewood, California. By a declaration executed, acknowledged and filed for record on November 5, 1943, they selected that property as their homestead.[1] Prior to June 2, 1944, Federal taxes—withholding taxes, insurance contributions taxes, unemployment insurance taxes and coin-operated amusement device taxes—aggregating more than $12,000 were assessed against Bert O. Adams. On June 2, 1944, Bert O. Adams was adjudged a bankrupt. The case was referred, and Willianm I. Heffron was appointed trustee. On October 20, 1944, appellant, the United States, filed its claim in bankruptcy for the taxes assessed as aforesaid. On or about November 7, 1944, the trustee sold the homestead property, free and clear of liens, for $8,935.92, subject to the bankruptcy court's approval. On December 6, 1944, the referee in bankruptcy entered an order approving the sale. On April 26, 1945, the referee entered an order directing that the proceeds of the sale ($8,935.92) be distributed as follows: $6,967.96 to Ruth Adams and $1,967.96 to appellant's collector of internal revenue. From a judgment affirming the referee's order of April 26, 1945, this appeal is prosecuted.

It is conceded that the interests of the bankrupt and Ruth Adams in the homestead property were equal interests, and that therefore $4,467.96 (the proceeds of the sale of Ruth Adams' interest in the homestead property) should be distributed to her. The question here is: How should the other $4,467.96 (the proceeds of the sale of the bankrupt's interest in the homestead property) be distributed?

Ruth Adams contends that, by reason of the homestead declaration of herself and the bankrupt, the $4,467.96 here in question is subject to an exemption of $2,500 (one-half of $5,000)[2] which should be distributed to her, leaving only $1,967.96 for appellant. This contention, which the court below upheld, must be rejected for the following reasons:

The Federal taxes assessed as aforesaid constituted liens in favor of ap-

---

[1] See §§ 1237–1269 of the Civil Code of California.

[2] See § 1260 of the Civil Code of California.

pellant upon all property of the bankrupt,[3] including his interest in the homestead property, and, that interest having been sold, constitute liens upon the proceeds thereof—the $4,467.96 here in question.[4] Against such liens, exemptions prescribed by State laws are ineffective.[5] Bankruptcy does not invalidate such liens or prevent their enforcement.[6] Section 6 of the Bankruptcy Act, 11 U.S.C.A. § 24, recognizes exemptions prescribed by State laws, but does not render such exemptions effective against Federal tax liens. It follows that the $4,467.96 should be paid to appellant.

Judgment reversed and case remanded for further proceedings in conformity with this opinion.

[3] 26 U.S.C.A. Int.Rev.Code, §§ 3670–3679.

[4] In re Pennsylvania Central Brewing Co., 3 Cir., 135 F.2d 60.

[5] Kieferdorf v. Commissioner, 9 Cir., 142 F.2d 723; Cannon v. Nicholas, 10 Cir., 80 F.2d 934; Kyle v. McGuirk, 3 Cir., 82 F.2d 212; Shambaugh v. Scofield, 5 Cir., 132 F.2d 345; Jones v. Kemp, 10 Cir., 144 F.2d 478.

[6] See § 67, sub. b of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. b; Heyward v. United States, 5 Cir., 2 F.2d 467; In re F. MacKinnon Mfg. Co., 7 Cir., 24 F.2d 156; In re Pennsylvania Central Brewing Co., supra.